# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANA MCDOW,                         ) | |
| )| |
| Plaintiff,                              ) | |
| ) | |
| -vs-                                      ) | Case No. CIV-22-927-F |
| ) | |
| STATE FARM FIRE AND        ) | (District Court of Oklahoma County |
| CASUALTY COMPANY and  ) | Case No. CJ-2022-1857) |
| MICHELL DALLAL,              ) | |
| ) | |
| Defendant.                           ) | |

## ORDER

Plaintiff Jana McDow (McDow) purchased a homeowners policy providing replacement cost coverage issued by defendant State Farm Fire and Casualty Company (State Farm). The policy was purchased through State Farm's agent, defendant Michell Dallal (Dallal). Subsequently, the roof of McDow's home sustained hail and wind damage during a storm. McDow filed a claim with State Farm. Upon inspection, the company confirmed the roof sustained damage but concluded the repairs did not exceed McDow's deductible. McDow obtained an independent estimate from a third-party, which concluded the roof was a total loss. State Farm denied the claim on the basis the claimed damage resulted from a pre-existing condition. Doc. no. 1-2, ¶ 21. McDow filed an action in state court, alleging claims for breach of contract and breach of the duty of good faith and fair dealing against State Farm. In addition, she alleged claims against Dallal for negligent procurement of insurance and constructive fraud and negligent misrepresentation.

State Farm removed the action to this court claiming the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332. While acknowledging in the notice of

removal that McDow and Dallal are both citizens of Oklahoma, State Farm averred that Dallal's citizenship was immaterial to the diversity of citizenship analysis because he was fraudulently joined as a defendant.

McDow has moved to remand her action to state court. She argues that Dallal was properly joined as a defendant because the claims against him are viable based upon the facts alleged and existing Oklahoma law. State Farm, in response, continues to maintain that Dallal was fraudulently joined to the action. The company specifically argues that McDow has no reasonable basis to assert a negligent procurement of insurance claim against its agent and has alleged no plausible constructive fraud and negligent misrepresentation claim against him in the state court petition. McDow has replied to State Farm's arguments. Upon review of the parties' submissions,[1] the court finds McDow's motion should be granted.

I.

"'To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (quoting Cuevas v. BAC Home Loans Servicing LP, 648 F.3d 242, 249 (5th Cir. 2011)). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." Id. (quotation marks and citation omitted).

In its notice of removal, State Farm relies upon the second prong of the fraudulent joinder test—inability of McDow to establish a cause of action against Dallal in state court. Under this prong, State Farm must demonstrate that there is

---

[1] State Farm's Motion for Jurisdictional Discovery (doc. no. 21) and Motion for Leave to File a Sur-Reply in Opposition to Plaintiff's Motion to Remand (doc. no. 22) are **DENIED**.

"'no possibility'" that McDow would be able to establish a cause of action against Dallal in state court.  Montano v. Allstate Indemnity, 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (quoting Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000)) (unpublished Tenth Circuit case cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

Upon review of the record and recognizing that all factual and legal issues must be resolved in McDow's favor, the court cannot say that there is no possibility that McDow could establish a constructive fraud and negligent misrepresentation claim against Dallal.[2]  Under Oklahoma law, constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to [her] prejudice, or to the prejudice of any one claiming under him[.]"  15 O.S. 2021 § 59.  Thus, McDow must establish a duty that has been breached by Dallal, that Dallal benefited from that breach, and that McDow was prejudiced by the breach.

The Oklahoma Supreme Court has stated "[a]lthough a party may keep absolute silence and violate no rule of equity, yet, if he volunteers to speak and to convey information which may influence the conduct of the other party, he is bound to disclose the whole truth."  Uptegraft v. Dome Petroleum Corp., 764 P.2d 1350, 1353-1254 (Okla. 1988).  Thus, "[a] duty to speak may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth." Id.  McDow has alleged a duty to speak based upon a partial disclosure because she has alleged that Dallal represented to her that there were no preexisting issues with her property, including the roof, that would limit or restrict coverage in the event of either a partial or total loss and that the dwelling met all of State Farm's underwriting requirements. She has sufficiently alleged a breach of that duty because State Farm denied her

---

[2] Given this determination, the court need not address McDow's negligent procurement of insurance claim against Dallal.

3

claim on the basis that the claimed damage was the result of pre-existing damage—a non-covered loss under the insurance policy. McDow has also sufficiently alleged that Dallal benefited from the breach and that she was prejudiced by the breach because she purchased an insurance policy that did not provide the coverage she expected or requested.

Given such allegations, the court cannot conclude that there is no possibility that McDow could establish a constructive fraud and negligent misrepresentation claim against Dallal. In so concluding, the court notes that the Honorable Patrick R. Wyrick recently determined that similar allegations to those alleged by McDow stated a "possibly viable" constructive fraud and negligent misrepresentation claim under Oklahoma law. *See*, South Sooner Holdings, LLC, et al., v. The Travelers Indemnity Company of America, Case No. CIV-21-179-PRW, 2022 WL 17831395, at *3 (E.D. Okla. Dec. 21, 2022). And like the court, the Honorable Timothy D. DeGiusti could not say that plaintiffs alleging similar allegations as McDow against State Farm had no possibility of recovery against the insurance agent. *See*, Nelson v. State Farm Fire and Casualty Co., Case No. CIV-22-396-D, 2022 WL 17760479, at *4 (W.D. Okla. Dec. 19, 2022).

Because the court cannot conclude that there is no possibility that McDow could establish a constructive fraud and negligent misrepresentation claim against Dallal, the court also cannot conclude that Dallal was fraudulently joined as a defendant to this action. As a result, the court concludes that Dallal's Oklahoma citizenship may not be disregarded, as alleged by State Farm. The court therefore concludes that it may not exercise diversity jurisdiction over this action under 28 U.S.C. § 1332.

II.

For the reasons stated, Plaintiff's Motion to Remand (doc. no. 12) is **GRANTED**.

This action is **REMANDED** to the District Court of Oklahoma County, State of Oklahoma pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED this 27th day of December, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0927p001.docx